Andrew C. Schwartz (State Bar No. 64578)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone:   (925) 947-1147
Facsimile:    (925) 947-1131

Attorneys for Plaintiff

FILED
AUG 21 PH 3: 27
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN MAGNUSSEN,<br><br>              Plaintiff,<br><br>vs.<br><br>COUNTY OF CONTRA COSTA; DEPUTY SHERIFF JUSTIN CHURCH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A DEPUTY SHERIFF FOR THE COUNTY OF CONTRA COSTA; WARREN RUPF, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF FOR THE COUNTY OF CONTRA COSTA; and DOES ONE THROUGH 100,<br><br>              Defendants. | Case No.: C 07 4307 EDL<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br>Jury Trial Demanded |

**JURISDICTION AND VENUE**

1.     This Complaint alleges violations of the constitutional rights of JAN MAGNUSSEN. This action arises under Title 42 United States Code Section 1983. Jurisdiction is conferred upon this Court by Title 28 United States Code Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in CONTRA COSTA COUNTY, California, which is within this judicial district. Venue is conferred upon this Court by Title 28 United States Code Section 1391(b).

2.     Plaintiff hereby demands a jury trial in this action.

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Magnussen v. County of Contra Costa, et al.*
Complaint for Damages

Page 1

**IDENTIFICATION OF PARTIES**

3. Plaintiff JAN MAGNUSSEN is an adult citizen of the United States and is a resident of the State of California.

4. Defendant COUNTY OF CONTRA COSTA ("COUNTY") is a public entity, duly organized and existing under the laws of the State of California. COUNTY operates under its authority the Contra Costa County Sheriff's Office.

5. Defendant JUSTIN CHURCH ("CHURCH") is a deputy sheriff with the Contra Costa County Sheriff's Office. Defendant CHURCH is sued in this Complaint in his individual and official capacities, acting under color of law and as an agent or employee of defendant COUNTY.

6. Defendant WARREN RUPF ("RUPF") is the Sheriff of CONTRA COSTA COUNTY. Defendant RUPF is sued in this Complaint in his individual and official capacities, acting under color of law and as an agent and employee of defendant COUNTY.

7. Plaintiff is ignorant of the true names and capacities of defendants DOES 1 through 100, and therefore sues these defendants by such fictitious names. Plaintiffs will amend his Complaint when the true names and capacities of DOES 1 through 100 have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that defendants DOES 1 through 100 are responsible in some manner for the injuries suffered and damages incurred by Plaintiff as alleged in this Complaint. Any reference in this Complaint to "Defendant," "Defendants," or to a specifically-named Defendant refer also to Defendants DOES 1 through 100. These Defendants are sued in their official and individual capacities.

**STATEMENT OF FACTS GIVING RISE TO PLAINTIFF'S CLAIM**

8. On or about midnight of May 9, 2006 plaintiff returned to his home in Discovery Bay after traveling to Redding to care for an elderly relative. After unloading his car, he attempted to secure the house so that he could go to bed. He was prevented from doing so by the sudden, unexplained appearance of defendant Deputy

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Magnussen v. County of Contra Costa, et al.*
Complaint for Damages

Page 2

CHURCH at the front door of plaintiff's home. CHURCH ordered plaintiff to leave the house as he had no right to be there. As plaintiff is not only a lawful inhabitant, but also the owner of the home, plaintiff explained these facts to Deputy CHURCH, and asked that he be allowed to go to bed. However, Deputy CHURCH continued to insist that plaintiff could not be on the premises.

9. CHURCH forced his way into plaintiff's home and tackled plaintiff, knocking plaintiff to the floor. Without provocation or justification, CHURCH hit and kicked plaintiff repeatedly. CHURCH then took plaintiff into custody, and had him booked into the County Jail in Martinez.

10. CHURCH did not have a warrant to enter plaintiff's home nor to arrest plaintiff. At no time did CHURCH proffer any lawful justification or authorization for detaining plaintiff, for forcing entry into plaintiff's home, beating and kicking plaintiff, or taking plaintiff into custody.

11. Plaintiff was released from jail the following day. Plaintiff sought medical assistance and learned that several of his ribs had been broken by CHURCH. Plaintiff reported the assault, false arrest, and his resulting injuries to a representative of the Contra Costa Sheriff's Office.

12. Plaintiff is informed and believes, and on that basis alleges that defendant RUPF, by and through his agents in the Contra Costa County Sheriff's Office, reviewed and investigated the conduct of CHURCH as alleged in this Complaint. After reviewing the evidence regarding the unlawful entry into plaintiff's home and the excessive and unnecessary use of force against plaintiff, defendant RUPF had actual and/or constructive knowledge that CHURCH had violated plaintiff's constitutional rights and had violated his duties as a Sheriff's Deputy. Plaintiff is further informed and believes, and on that basis alleges that, despite this knowledge, defendant RUPF ratified CHURCH'S unconstitutional misconduct and declined to take appropriate disciplinary action against CHURCH.

///

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Magnussen v. County of Contra Costa, et al.*
Complaint for Damages

Page 3

## PLAINTIFF'S CLAIM FOR RELIEF

### Violation of Constitutional Rights (42 U.S.C. § 1983)

13. The conduct of CHURCH under color of law, as described in this Complaint, constituted an unreasonable seizure and therefore violated plaintiff's rights under the Fourth Amendment to the Constitution of the United States, including the right to be free from forced entry into one's home in the absence of a warrant, probable cause or exigent circumstances, the right to be free from arrest and imprisonment without probable cause, and the right to be free from unnecessary, excessive, or unreasonable force by law enforcement officers.

14. Plaintiff is informed and believes, and on that basis alleges that defendant RUPF had prior notice and knowledge of other incidents involving the use of constitutionally excessive force, and of other incidents of unwarranted entries, searches, and or arrests by defendant CHURCH and other Deputies of the Contra Costa Sheriff's Office. Despite such notice and knowledge, RUPF, in his individual and official capacities, ratified the misconduct of CHURCH as described in this Complaint, and failed to timely, reasonably, properly, or adequately investigate, discipline, supervise, or train defendant CHURCH with respect to the rights of all persons under the Fourth Amendment to the United States Constitution. The injuries alleged in this Complaint are a proximate result of the deliberate indifference of RUPF, in his individual and official capacities, to his duty to supervise and train defendant CHURCH with respect to the rights protected by the Fourth Amendment.

15. Plaintiff is informed and believes, and on that basis alleges, that COUNTY Pursued an informal policy and practice condoning and encouraging the abuse of fundamental constitutional rights by Sheriff's Deputies. The existence of this municipal policy is evidenced by a continuing pattern and practice of unconstitutional abuses of lawful authority, including forced home entries in the absence of a warrant, arrests without probable cause, and the application of excessive and unnecessary force by defendant CHURCH and other deputies. Plaintiff is further informed and

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

believes, and on that basis alleges, that there have been multiple, previous constitutional abuses which have been ratified, condoned, approved, and encouraged by supervisory officials, including defendant RUPF. Accordingly, the conduct of CHURCH in violating plaintiff's constitutional rights was consistent with and proximately caused by the informal policies and practices of COUNTY.

16. As Sheriff of Contra Costa COUNTY, defendant RUPF is an official with final decision-making authority, and is empowered to establish, determine, evaluate, and revise the policies of the Contra Costa County Sheriff's Office. Plaintiff is informed and believes, and on that basis alleges that after learning that defendant CHURCH had forced his way into plaintiff's home without a warrant, repeatedly beaten plaintiff without justification, and arrested plaintiff without probable cause, defendant RUPF, in his individual and official capacities, ratified the actions taken by CHURCH and exonerated CHURCH of any professional misconduct. These actions by defendant RUPF are further evidence that the conduct of CHURCH was consistent with, and reflective of, the policies and practices of COUNTY which caused the violations of plaintiff's constitutional rights.

17. The conduct of RUPF and COUNTY, as described in this Complaint, violated plaintiff's rights under the Fourth Amendment to the Constitution of the United States, including the right to be free from forced entry into plaintiff's home in the absence of a warrant, probable cause or exigent circumstances, the right to be free from arrest and imprisonment without probable cause, and the right to be free from unnecessary, excessive, or unreasonable force by law enforcement officers.

18. As a proximate result of defendants' conduct, plaintiff suffered physical injury and disability, loss of earnings, severe physical and emotional pain and suffering, and the loss of his security and dignity as a citizen of the United States.

19. As a further proximate result of defendants' conduct, plaintiff incurred expenses for attorneys' and investigators' fees. Plaintiff is entitled to an award of all such fees incurred pursuant to 42 United States Code Section 1988.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

WHEREFORE, plaintiff prays for relief as follows:

1) For general and special damages according to proof;

2) For damages for the deprivation of constitutional rights;

3) For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

4) For costs incurred; and

5) For such other and further relief as the Court may deem fair and just.

DATED: August 21, 2007         CASPER, MEADOWS, SCHWARTZ & COOK

By: _____
ANDREW C. SCHWARTZ
Attorneys for Plaintiff

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Magnussen v. County of Contra Costa, et al.*
Complaint for Damages

Page 6