SILVANO B. MARCHESI (SBN 42965)
County Counsel
JANET L. HOLMES (SBN 107639)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, 9th Floor
Martinez, California 94553
Telephone:  (925) 335-1800
Facsimile:   (925) 335-1866
email: jholm@cc.cccounty.us

Attorneys for Defendants
COUNTY OF CONTRA COSTA;
SHERIFF WARREN RUPF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN MAGNUSSEN,<br><br>        Plaintiff<br><br>v.<br><br>COUNTY OF CONTRA COSTA;<br>DEPUTY SHERIFF JUSTIN CHURCH,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS A DEPUTY<br>SHERIFF FOR THE COUNTY OF<br>CONTRA COSTA; WARREN RUPF,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS SHERIFF<br>FOR THE COUNTY OF CONTRA<br>COSTA; AND DOES ONE THROUGH<br>100,<br><br>        Defendants. | No.  C 07 4307 EDL<br><br>ANSWER  TO COMPLAINT AND<br>DEMAND FOR JURY TRIAL BY COUNTY<br>OF CONTRA COSTA AND WARREN<br>RUPF |

Defendants County of Contra Costa and Warren Rupf (hereinafter "Defendants"), in

response to plaintiff's unverified complaint, admit, deny and allege as follows:

ANSWER

1.    Responding to the first numbered paragraph of plaintiff's complaint, Defendants admit, based on the allegations of the complaint, that jurisdiction and venue are proper in this court..

2.    Responding to the second numbered paragraph of plaintiff's complaint, Defendants deny the allegations based on lack of information and belief.

3.    Responding to the third numbered paragraph of plaintiff's complaint, Defendants deny the allegations based on lack of information and belief.

4.    Responding to the fourth numbered paragraph of plaintiff's complaint, Defendants admit the allegations.

5.    Responding to the fifth numbered paragraph of plaintiff's complaint, Defendants admit the allegations of the first sentence and deny the allegations of the second sentence based on lack of information and belief.

6.    Responding to the sixth numbered paragraph of plaintiff's complaint, Defendants admit the allegations of the first sentence and deny the allegations fo the second sentence based on lack of information and belief.

7.    Responding to the seventh numbered paragraph of plaintiff's complaint, Defendants deny the allegations based on lack of information and belief.

8.    Responding to the eighth numbered paragraph of plaintiff's complaint, Defendants deny the allegations of the first and second sentence, based on lack of information and belief. Responding to the eighth second numbered paragraph of plaintiff's complaint, Defendants deny the allegations of the third and fourth sentence.  Defendants deny the allegations of the fifth sentence, based on lack of information and belief.

9.    Responding to the ninth numbered paragraph of plaintiff's complaint, Defendants deny the allegations.

10.   Responding to the tenth numbered paragraph of plaintiff's complaint, Defendants admit the allegations of the first sentence and deny the remaining allegations.

11.  Responding to the eleventh numbered paragraph of plaintiff's complaint, Defendants admit the allegations of the first sentence and deny the remaining allegations, based on lack of information and belief.

12.  Responding to the twelfth numbered paragraph of plaintiff's complaint, Defendants deny the allegations.

13.  Responding to the thirteenth numbered paragraph of plaintiff's complaint, Defendants deny the allegations.

14.  Responding to fourteenth numbered paragraph of plaintiff's complaint, Defendants deny the allegations.

15.  Responding to the fifteenth numbered paragraph of plaintiff's complaint, Defendants deny the allegations.

16.  Responding to the sixteenth numbered paragraph of plaintiff's complaint, Defendants deny the allegations.

17.  Responding to the seventeenth numbered paragraph of plaintiff's complaint, Defendants deny the allegations.

18.  Responding to the eighteenth numbered paragraph of plaintiff's complaint, Defendants deny the allegations.

19.  Responding to the nineteenth numbered paragraph of plaintiff's complaint, Defendants deny the allegations.

AFFIRMATIVE DEFENSES

20.  AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that the allegations fail to state any claims upon which relief can be granted.

21.  AS A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that the County and its employees are protected by the doctrine of qualified immunity.

22.    AS A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that plaintiff's claims are barred by the doctrines of waiver, estoppel and laches.

23.    AS A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that at all times herein mentioned, all actions taken by Defendants and County employees were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants and County employees are therefore immune under the Good Faith Immunity Doctrine.

24.    AS A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that at all times herein mentioned Defendant County and its employees are privileged and immune for the exercise of reasonable actions to effect a lawful detention and/or arrest based on probable cause and attempted ser5vice of a valid temporary restraining order..

25.    AS A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that the County is immune from liability, and cannot be held liable for any injury that may have been sustained by plaintiff, which injury Defendants specifically deny, and that Defendants and County employees were at all relevant times performing duties in an objectively reasonable manner, within lawful responsibilities, and are therefore immune from suit.

26.    AS A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that each claim and cause of action is barred by the failure of plaintiff to exhaust administrative remedies.

27.    AS A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that in the event that the trier of fact finds any liability on the part of these answering

Defendants, which liability is herein denied, these answering Defendants will seek the benefit of several liability for non-economic damages as provided in Civil Code sections 1431 through and including 1431.5.

28.   AS A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, public entity defendant County alleges that it is not liable for punitive damages pursuant to Government Code section 818.

29.   AS A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that as to any state law claims, each cause of action is barred under the provisions of Government Code section 910, et seq., and Code of Civil Procedure section 313 for failure to comply with requirements of filing a timely and sufficient tort claim and failure to set forth in any tort claim filed the facts and theories that are set forth in the pending Complaint.

30.   AS AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that the negligence of others, if any, was greater than the negligence of Defendants, if in fact any defendant was negligent, and the liability, if any, of said answering Defendants should be diminished in direct proportion to the fault, if any, attributable to others as compared with that of said answering Defendants (or any of them).

31.   AS A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, the public entity defendant alleges that it is immune pursuant to Government Code sections 815 and 815.2.

//

//

32.   AS A THIRTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, the public entity defendant alleges that it is immune pursuant to Government Code section 815.6 for exercise of mandatory duty when exercised reasonable diligence in discharging duty.

33.   AS A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, the public entity defendant alleges that it is immune pursuant to Government Code section 818.2 for adopting or failing to adopt an enactment or by failing to enforce any law.

34.   AS A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, the public entity defendant alleges that it is immune pursuant to Government Code section 818.8 for misrepresentations.

35.   AS A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune pursuant to Government Code sections 820.2 and 815.2 for exercise of discretion.

36.   AS A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune pursuant to Government Code sections 820.4 and 815.2 for the execution or enforcement of any law.

37.   AS A EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are not liable to the plaintiff pursuant to Government Code sections 820.6 and 815.2.

38.   AS A NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that any and all culpable acts, omissions, or conduct, if any, which allegedly caused the injuries and damages sought in the Complaint on file in this action, were

1    caused by third parties and therefore answering Defendants are not liable to the

2    plaintiff pursuant to Government Code sections 820.8 and 815.2.

39. AS A TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are not liable to the plaintiff pursuant to Government Code section 821.

40. AS A TWENTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are not liable to the plaintiff pursuant to Government Code sections 815.2 and 821.6.

41. AS A TWENTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are not liable to the plaintiff for execution of judicial or quasi-judicial acts.

42. AS A TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are is not liable for injuries caused by any misrepresentations to the plaintiff pursuant to Government Code section 822.2 of the California Government Code.

43. AS A TWENTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that the County and its employees are privileged and immune for their acts taken pursuant to the provisions of the California Penal Code.

44. AS A TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to said Complaint, and each and every cause of action set forth therein, Defendants allege that they are immune pursuant to Civil Code section 47(a) and Government Code section 815.2

1  45.  AS A TWENTY-SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

2  to said Complaint, and each and every cause of action set forth therein, Defendants

3  allege that the County and its employees are immune from liability pursuant to the

4  provisions of sections 810 through 895.8 of the California Government Code.

5  46.  AS A TWENTY-SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE

6  DEFENSE to said Complaint, and each and every cause of action set forth therein,

7  Defendants allege that plaintiffs action is barred by the provisions of Code of Civil

8  Procedure sections 340(3), 342, and every other limitations period applicable to each

9  and every cause of action alleged in the complaint.

10  47.  AS A TWENTY-EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE

11  DEFENSE to said Complaint, and each and every cause of action set forth therein,

12  Defendants allege that any and all of the acts or omissions alleged against them in the

13  complaint are the acts and omissions of agencies and officers of the State of

14  California acting in their official capacities, and that Defendants are therefore immune

15  from suit under the 11th Amendment to the United States Constitution.

16  48.  AS A TWENTY-NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

17  to said Complaint, and each and every cause of action set forth therein, individually

18  named defendants allege that, in conducting the activities giving rise to plaintiff's

19  Complaint, each of them acted without malice and oppression, and without intent to

20  harm plaintiff and without conscious disregard for plaintiff's rights or safety, and

21  therefore punitive damages can not be awarded against each or any of Defendants.

22

23  WHEREFORE, Defendants pray for the following relief:

24  a.  That plaintiff take nothing by his Complaint and that Defendants be dismissed;

25  b.  That Defendants be awarded costs;

26  c.  That Defendants be awarded attorneys fees; and

27  d.  For such other relief that the court deems just and proper.

28

1

JURY REQUEST

2      Defendants request a trial by jury.

3

4

5    DATED:  September 12, 2007                    SILVANO B. MARCHESI
6                                                 COUNTY COUNSEL

7

8

                                                 By:_____
9                                                    JANET L. HOLMES
                                                     Deputy County Counsel
10                                                   Attorneys for Defendants
                                                     COUNTY OF CONTRA COSTA
11                                                   AND SHERIFF WARREN RUPF

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28